P. A. CARPENTER, Administrator of ELIZABETH HAWKINS *v.* J. A. W. KEETER and wife, CYNTHIA ANN.

A testator bequeathed to his wife certain slaves, horses, farming tools, &c., and devised to her one-half of his land, and in the latter part of said clause, he also bequeathed her "all my grain on hand for the support of the family; and should my wife wish to sell, or dispose of any of the above property, she can do so, with the advice and consent of my Executor." *Held,* that she took an absolute estate in the realty devised, and after the assent of the executor, she acquired an absolute estate in the personal property embraced in said clause.

This was a petition filed by the plaintiff, as administrator of Elizabeth Hawkins, deceased, to sell certain realty belonging to his intestate, to make the proceeds thereof assets in the payment of debt, heard before *Logan, J.,* at Spring Term, 1871, of RUTHERFORD Superior Court.

The facts were, that the intestate of the plaintiff intermarried with one James Cherry, who died leaving a last will and testament, which was duly admitted to probate, in which occurs the following clause: "I give to my wife Elizabeth seven negroes, (naming them) all my stock of horses except one, all my stock of cattle, hogs, all my farming tools, household and kitchen furniture, all my grain on hand for the support of the family, and should my wife wish to sell or dispose of any of the above property she can do so with the advice and consent of my executor, I also give to my wife one half of my land including the mansion house."

In another clause of the will, the testator bequeathed to his daughter Cynthia Ann, who afterwards intermarried with the defendant, J. A. W. Keeter, certain personalty, and directs his executor to sell any of said property for her support and education or put the money arising from said sale, at interest, as he deems best. In the event of the death of his daughter, the tes-

tator directed that the estate bequeathed to his daughter should
be given to certain other persons.

The defendant Cyntha Ann was the only child and heir at
law of the testator James Cherry as well as of the plaintiff's
intestate.

The plaintiff's intestate after the death of her husband, James
Cherry, intermarried with one Terrell Hawkins; at the time
of said marriage his wife had in her possession the slaves
bequeathed to her by her former husband. Terrell Hawkins
died thereafter intestate. His administrator took into his pos-
session and sold as a part of the estate of his intestate the afore-
said slaves, when his widow became the purchaser of some
of them. Thereafter she died intestate, and the plaintiff was
duly appointed her administrator. The note given for said
slaves has not yet been paid, and the estate of intestate is insuf-
ficient to pay off and discharge said note, without a sale of the
real estate of his intestate.

The defendants in their answer insisted that the plaintiff's
intestate, Elizabeth, took the personal property under the will
of her former husband, Cherry, as trustee, for the use and
benefit of herself and family : and that she only acquired a
life estate in and to the real estate devised to her.

The questions of law arising under the pleadings were refer-
red by the Clerk of the Superior Court to his Honor Judge
Logan, who being of the opinion that plaintiff's intestate did
not acquire such an estate in the personalty bequeathed to her
by her former husband, Cherry, as would enable her to convey
or dispose of the same, except with the advice, and consent of
the executor of the testator, Cherry, and that an absolute pro-
perty in said slaves did not pass to her second husband, Haw-
kins, and therefore she was not legally bound to pay to the
administrator of the said Hawkins, the purchase money for
said slaves, refused to grant the order prayed, and dismissed
the petition, from which plaintiff appealed.

*Phillips & Merrimon,* for plaintiff.
No counsel for defendant.

DICK, J. The intestate of the petitioner was the widow of James Cherry and was entitled to certain slaves and land under the will of her husband. The petitioner asks for a construction of said will in order that. he may know how to administer properly the estate of his intestate.

The testator in his will made an equal division of his land and slaves, between his widow and only child, one of the defendants. As the widow was to have the principal care and support of the family, the testator bequeathed to her the household furniture, stock, farming tools, grain and other property generally used for such purposes. This care and support of the family was to be exercised, and the property intended for this purpose was to be managed under the advice and supervision of the executor. The land and slaves given to the widow were not fettered by any trust in the executor and were not limited over upon any subsequent contingency. In the case of the child the disposition was different. Here there was an express trust for certain purposes, and the estate was limited over to third persons, if the child died before arriving at the age of twenty one years. It was necessary for the executor to have control of this estate to effectuate the trusts and limitations expressly declared in the will.

As the widow took an absolute estate in the slaves, upon her subsequent marriage, they passed by operation of law to her second husband, Hawkins. When she purchased one of these slaves from the administrator of second husband, she created a debt for which she was personally liable, and upon her death it was a debt against her estate. As her administrator has not sufficient personal assets to discharge this debt, he is entitled to an order for the sale of the lands of his intestate for this purpose. There was error in the ruling of his Honor, and this

will be certified that the proper orders may be made in the premises.

PER CURIAM.                              Judgment reversed.